UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT -2 2015
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Tessie Williams, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-01621   Jury Demand |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 10/2/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| Providence Hospital *et al..*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a District of Columbia resident. She sues Providence Hospital in the District, and a medical doctor and other individuals based in the District, for malpractice and negligence. In addition, plaintiff sues an attorney located in Rockville, Maryland. Plaintiff seeks $450,000 in money damages. Plaintiff invokes 42 U.S.C. § 1983, but that statute applies only to individuals acting "under color of any statute, ordinance, regulation, custom, or usage of . . . the District of



Columbia" who violate one's constitutional rights. *Id.* The complaint's allegations do not state a plausible federal claim against the private defendants. In addition, plaintiff and at least one of the defendants reside in the District; thus, no basis exists for exercising diversity jurisdiction. *See Bush v. Butler*, 521 F.Supp.2d 63, 71 (D.D.C.2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

Plaintiff's recourse lies, if at all, in the District of Columbia courts. Hence this case will be dismissed without prejudice.

_____
United States District Judge

DATE: September 30, 2015